UNITED STATES, Appellee,

v.

Burney A. PEACOCK, Staff Sergeant
U.S. Air Force, Appellant.

No. 54,566.
ACM S26889.

U.S. Court of Military Appeals.

Sept. 8, 1987.

For Appellant: *Captain Timothy J. Malloy* (argued); *Colonel Leo L. Sergi* (on brief).

For Appellee: *Major David F. Barton* (argued); *Colonel Kenneth R. Rengert* (on brief).

OPINION OF THE COURT

SULLIVAN, Judge:

On July 31, 1985, appellant was tried by a military judge sitting as a special court-martial at Kadena Air Base, Japan. Contrary to his pleas, he was found guilty of willfully damaging eight F–15 fuel tanks and negligently damaging one F–4 fuel tank, in violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908. The court sentenced appellant to a bad-conduct discharge, 30 days' confinement, and reduction to pay grade E–3. The convening authority approved the sentence and the Court of Military Review affirmed.

We granted appellant's petition for review to consider the following issue:

WHETHER THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION UNDER ARTICLE 108 BECAUSE THE GOVERNMENT FAILED TO PROVE ACTUAL DAMAGE TO GOVERNMENT PROPERTY AS A RESULT OF APPELLANT'S CONDUCT.

We hold that placing foreign objects in military equipment so as to temporarily impair its operational readiness constitutes damage under Article 108; accordingly, we affirm appellant's conviction and sentence. *See generally United States v. Ortiz*, 24

M.J. 164, 170–71 (C.M.A. 1987); *United States v. Schelin,* 15 M.J. 218, 220 (C.M.A. 1983).

The record shows that appellant was the Noncommissioned Officer in Charge of a fuel-tank farm containing auxiliary external fuel tanks. Such tanks were utilized to extend the range of high performance aircraft and were essential to the mission of units operating those planes. The building containing the tank farm was occupied by appellant's unit, the 18th Component Repair Squadron, and another unit, the 15th Tactical Reconnaissance Squadron (TRS). Appellant felt animosity for the latter unit because he believed personnel of the 15th TRS were responsible for safety violations in the shared building.

On May 7, 1985, appellant inspected the building and found equipment improperly stored and not stored at all. According to his own testimony, he determined that it was "time that these people learned a lesson." He placed rivets and nuts in several auxiliary tanks, leaving others near the tanks to give the impression of "vandalism." His stated intent was to have the Tactical Reconnaissance Squadron removed from the building. Appellant admitted that he knew that the foreign objects would render the tanks unserviceable since the debris would cause an "uncommanded," *i.e.,* unexpected, dumping of fuel placed therein. Any aircraft using one of the tanks would also have its "down time" affected, thus impairing the mission of its unit.

Removal of the objects required 65.5 man-hours and cost the Air Force $1,309.49. During the process, the tanks were not available for use on missions. Otherwise, there was no damage to the tanks.

------

Appellant asserts that a conviction under Article 108 cannot be sustained unless the Government shows actual physical damage or injury to the property. He further contends that the temporary impairment of the use of the tanks evidenced in this case is not damage as intended in this statute. In support of this contention, he cites a number of cases purporting to construe a comparable federal civilian statute, 18 U.S.C. § 1361, in this manner. *E.g., United States v. Jenkins,* 554 F.2d 783 (6th Cir. 1977). We hold that actual physical injury to military property of the United States is also required under Article 108 but that such injury occurred when the interior placement of foreign objects disabled these tanks.

 Criminal prohibitions against damage, loss, or spoliation of military property and stores have a long history in military law. *See generally* G. Davis, *A Treatise on the Military Law of the United States* 364 (3d ed. 1913); W. Winthrop, *Military Law and Precedents* 557–59 (2d ed. 1920 Reprint). In enacting Article 108, Congress intended to consolidate the various articles of war protecting military property and to eliminate certain technical distinctions between them. *Uniform Code of Military Justice: Hearings on H. R. 2498 Before a Subcomm. of the House Comm. on Armed Services, 81st Cong., 1st Sess. 1230* (1949). In doing so, it intended to continue to offer special protection to military property because of its function or role in the national defense. *See United States v. Schelin, supra.* In light of the purpose of this statute, the word "damage" must be reasonably construed to mean any change in the condition of the property which impairs its operational readiness. *See United States v. Ortiz, supra.* Appellant's act of placing foreign objects in the fuel tanks impaired their utility to accomplish the mission of the Air Force just as much as if he had punctured these tanks or the tires of the aircraft which carried them.

Moreover, the decision in *United States v. Jenkins, supra,* a case decided under 18 U.S.C. § 1361, does not dictate a different result. *See generally* Art. 109, U.S.C. § 909. There, the accused received money from persons seeking housing and without authorization placed them in homes owned by the Department of Housing and Urban Development. The only loss to the United States was in the form of legal fees needed

to evict the trespassers. The Court of Appeals held that no physical damage or injury to the property occurred in those circumstances. Here, the addition of the nuts and rivets to the fuel tanks actually changed the physical condition of the property, albeit only temporarily. *Cf. Edwards v. United States*, 361 F.2d 732 (8th Cir. 1966). Moreover, the tanks themselves had to be repaired to return them to their normal operational capabilities. *See* Part IV, para. 33(c)(2), Manual for Courts-Martial, United States, 1984. Accordingly, our interpretation of Article 108 is not inconsistent with analogous federal case law.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.